UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON L. CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO. CV-12-564-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 21. The motions were heard without oral argument. Plaintiff is represented by Thomas Doran. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Franco L. Becia.

**I.    Jurisdiction**

On December 16, 2008, Plaintiff filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI). Plaintiff alleges he has been disabled beginning March 1, 2008, due to DDD (degenerative disc disease), ankylosing spondylitis, and stenosis. (Tr. 168.)

His application was denied initially on March 26, 2009, and again denied on reconsideration on June 19, 2009. A timely request for a hearing was made. On June 3, 2010, Plaintiff appeared at a hearing held in Spokane, Washington before

Administrative Law Judge (ALJ) Marie Palalchuk. Dr. Peter Schosheim, medical expert, and Daniel R. Mckinney, Sr., vocational expert, also participated. Plaintiff was represented by attorney Thomas Doran.

The ALJ issued her decision on June 18, 2010, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied his request for review on August 13, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on October 10, 2012. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. § 404.1520(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. § 404.1520(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity.  *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 34 years old. He has an A.A. degree, and took classes for two quarters at Eastern Washington University. He testified that he was not able to sit through class, and did not receive any credit.

He has prior employment as an automobile detailer; casino worker; mobile home repairer; and car dealer. He also worked as an escrow assistant, a notary, and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

a mortgage closer. Plaintiff had no income for 2005, 2007, 2009, and 2010. (Tr. 160.) In 2008, Plaintiff earned $11,202, and he testified that he no longer worked after March 1, 2008. He states he can no longer work because he is concerned that he keeps falling because of the tingling in his legs. He also has muscle spasms and on his bad days, he is home-bound. He testified that he cannot lift a gallon of milk.

Plaintiff was involved in a motor vehicle accident at the age of 19, and fractured his L2 and L4 vertebrae. In July, 2007, he fell 10 feet in a creek, landing on his back. He experienced significant pain after this fall. On January 1, 2009, he fell down 10 stairs and exacerbated his back problems. He continues to have pain.

Plaintiff has three children. Two of them live with Plaintiff and his fiancé on a 50/50 custody arrangement with their mother. However, he cannot pick up or carry his children.

## V. The ALJ's findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 23.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2008, the alleged onset date. (Tr. 23.)

At step two, the ALJ found Plaintiff has the following severe impairments: multi-level degenerative disc disease from L2 to S1, anterolisthesis grade 1-2 at L5-S1, severe foraminal stenosis at L5-S1, central stenosis and facet arthrosis, and status post fusion. (Tr. 23.)

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1. (Tr. 24.) Specifically, the ALJ considered whether Plaintiff met or medically equaled Listing 1.04 (Disorders of the Back).

The ALJ determined that Plaintiff had the residual functional capacity to lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently,

stand and/or walk two hours in an eight hour workday, and sit about six hours in an eight hour workday, with a sit/stand option as needed. Plaintiff cannot climb ladders, ropes or scaffold, and he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Plaintiff should avoid exposure to heavy vibration, hazardous machinery, and unprotected heights. (Tr. 25.)

At step four, the ALJ concluded that Plaintiff was capable of performing past relevant work as a mortgage closer and a notary, and therefore has not been under a disability, as defined in the Social Security Act from March 1, 2008 through June 18, 2010. (Tr. 28.)

## VI. Issues for Review

Plaintiff presents the following issues for review:

1. Whether the ALJ's decision is supported by substantial evidence in the record?

## VII. Discussion

Here, it is undisputed that Plaintiff has significant problems with his lower back. (Tr. 26.) The primary issue on appeal is whether Plaintiff's testimony that these problems with his lower back prevents him from performing any work at all is credible.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

In her Order, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with his residual functional capacity assessment. (Tr. 26.)

The ALJ's credibility assessment is supported by substantial evidence in the record. Plaintiff earned $11,202 in 2008, yet he asserts he was unable to work after March 1, 2008. He attributes this to hard work during January and February. This is questionable, especially given that he earned $17,172 in 2006, nothing in 2007, and then, in a mere 2 months earned $11,202. The ALJ relied on this inconsistency to find Plaintiff less than credible. (Tr. 27.) The ALJ also noted the lack of any indication in the treatment records of any restrictions placed on Plaintiff by any treating physicians. The ALJ also relied on Dr. Scottolini's identification of inconsistencies in the record. Dr. Scottolini noted that while Plaintiff stated that he had ankylosing spondylitis and this was disabling, there is no clinical evidence to support this diagnosis. (Tr. 362.) Dr. Scottolini noted that

there was no anatomic basis to explain his "falling down 3-4 times per week." (Tr. 362.) Also, the ALJ noted that an EMG and nerve conduction was normal and did not show any radicular symptoms. (Tr. 26.)

Dr. Staley noted that Plaintiff was seen by Dr. Shuster in March, 2009. At that time, Dr. Shuster suggested possible treatment options including physical therapy with core emphasis program, physiatry evaluation, dorsal column stimulator, epidural injections for diagnostic and therapeutic treatment, acupuncture, a swimming program, and use of a corset. (Tr. 341.) Dr. Shuster believed that his symptoms may be more muscular in nature, and surgery may make it worse. There is nothing in the record indicating Plaintiff attempted to follow up on these treatment options, except for the epidural injections. Also, Plaintiff has been asked repeatedly by his treatment providers to stop smoking, but it does not appear that he has been able to stop smoking.

In March, 2010, the Plaintiff insisted that he could not lay down to complete a CT scan, and became combative and confrontational with the staff. As a result, the follow-up appointment with Dr. Shuster was cancelled. (Tr. 411-414.) Additionally, the ALJ relied on the fact that Plaintiff was able to travel to New York for 10 days in June, 2009. This is clearly inconsistent with Plaintiff's statement that he is unable to complete even sedentary work on a regular and continuing basis.

As set forth above, the Court is not permitted to engage in second-guessing. Because there is substantial evidence to support the ALJ's credibility determination, Plaintiff has not shown that the ALJ committed clear error in determining that Plaintiff is able to perform sedentary work.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

3. The decision of the ALJ denying benefits is **affirmed**.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

4.  The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 14th day of April, 2014.

      _s/Robert H. Whaley_
      ROBERT H. WHALEY
      Senior United States District Judge

Q:\RHW\aCIVIL\2012\Chavez (SS)\sj.wpd